UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL FREDERICKSON, )<br>)<br>Defendant. ) | Crim. No. 17-10195-TSH |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, through its attorneys, United States Attorney Andrew E. Lelling and Assistant U.S. Attorney Katherine Ferguson, hereby submits its Sentencing Memorandum for defendant Daniel Frederickson. Given the nature and circumstances of Frederickson's offenses, his history and characteristics, and the factors set forth at 18 U.S.C. § 3553(a)(2), a sentence of three years of supervised release is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553.

I.   Factual Background

On November 3, 2017, Frederickson pleaded guilty to a two-count Information charging him with conspiracy to possess with intent to distribute steroids, in violation of 21 U.S.C. § 846, and possession of a tableting machine, in violation of 21 U.S.C. § 843(a)(6). The Information was a product of a long-term investigation that included controlled and undercover purchases of steroids, a wiretap on an email account, search warrants for email accounts and physical locations, and interviews with cooperating and potentially cooperating defendants. Nine defendants were charged in connection with the investigation.

The evidence collected shows that Frederickson distributed steroids out of his residence in Worcester, Massachusetts. Frederickson obtained raw steroid materials from suppliers in

China.  He then processed the materials into injectable steroids and steroid pills, and distributed the steroids to customers, some of whom were redistributors.  During the course of the investigation, Frederickson distributed steroids to a cooperating witness on two occasions.  Those two transactions were recorded.  In March 2014, agents with the DEA executed a search warrant at Frederickson's residence and located a functioning clandestine steroid conversion laboratory.  Agents seized approximately 20,000 dosage units of finished steroids in liquid and pill form, as well as liquid steroids still being processed and raw steroids in powder form.  Agents also seized numerous pieces of steroid packaging and packaging paraphernalia.  Thereafter, Frederickson surrendered a large tableting machine containing several white pills.  The feeding tube of the machine contained white powder that was identified as oxymetholone, a Schedule III controlled substance.  The following day, agents seized a package intended for Frederickson that contained 995 grams of Nandrolone Deconoate, a Schedule III controlled substance.

II.     Application of Guidelines Calculation

For the reasons set forth in the PSR, Frederickson's base offense level is 20 because he is responsible for 60,000 units or more of Schedule III controlled substances.  USSG §2D1.1(c)(12).  Consistent with the calculation set forth in the PSR, Frederickson is entitled to a three-level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1.  Frederickson also should receive a two-level downward adjustment for satisfaction of the safety valve.  USSG §5C1.2.  His total offense level therefore is 15.  The corresponding Guidelines Sentencing Range, at Criminal History Category I, is 18-24 months.

III.     18 U.S.C. § 3553(a)

Consideration of the factors set forth in 18 U.S.C. § 3553(a) counsels in favor of a non-incarcerative sentence.  Although Frederickson maintained a robust steroid distribution business, for which he processed steroids in liquid and pill form, he has very limited criminal history and has been cooperative with agents since the execution of the search warrant at his residence in March 2014.  While on pretrial release, Frederickson participated in substance abuse treatment to address his addiction issues.  A sentence of three years of supervised release is consistent with the sentences received by co-conspirators Scott Birchall (3 years of supervised release in Crim. No. 17-10187-NMG), Ryan Baillargeon (2 years' probation in Crim. No. 17-40029-TSH), and Alan Rich (1 year of supervised release in Crim. No. 17-40030-TSH).  Frederickson is currently stable, and an incarcerative sentence would be unnecessarily disruptive.

IV.     Conclusion

For the reasons set forth herein, three years of supervised release is an appropriate sentence, not greater than necessary, and will adequately punish Frederickson for his crimes, promote respect for the rule of law, and send a message of general deterrence to the public. Accordingly, the government respectfully requests that the Court impose a sentence of three years of supervised release.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     /s/ Katherine Ferguson
KATHERINE FERGUSON
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

Dated: January 25, 2018

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Katherine Ferguson*
Katherine Ferguson
Assistant United States Attorney

Date: January 25, 2018